1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUAN M. TIDWELL, SR.,

11            Petitioner,                    No. CIV S-11-0489 CMK (TEMP) P

12        vs.

13   M. MARTEL,

14            Respondent.               ORDER

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.

19            Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22            The exhaustion of state court remedies is a prerequisite to the granting of a

23   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

24   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

25   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

26   /////

                                            1

1 providing the highest state court with a full and fair opportunity to consider all claims before

2 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

3           After reviewing the petitioner's application for writ of habeas corpus, the court

4 finds that petitioner has failed to exhaust state court remedies with respect to claim 3.

5 Accordingly, the petition is mixed containing both exhausted and unexhausted claims.

6           Petitioner has two options.  Within thirty days petitioner may:  (1) file an amended

7 habeas application omitting all claims except those claims which have been presented to and

8 rejected by the California Supreme Court;[1] or (2) file a request to stay this action pending the

9 exhaustion of state court remedies with respect to the unexhausted claim.  Petitioner is informed

10 that to be entitled to a stay, he must show good cause for his failure to exhaust earlier, and that

11 the unexhausted claims are potentially meritorious.  Rhines v. Weber, 544 U.S. 269 (2005).

12 Petitioner's failure to comply with one of these alternatives within thirty days will result in a

13 recommendation that this action be dismissed.

14           In accordance with the above, IT IS HEREBY ORDERED that:

15           1.  Petitioner's motion to proceed in forma pauperis is granted; and

16           2.  Petitioner is granted thirty days within which to inform the court how he

17 wishes to proceed with this matter by choosing one of the alternatives described above.  If

18 /////

19 /////

20 /////

21 /////

22 /////

23

24     [1] Petitioner is cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year limitations period will start to run on the date on which the state court judgment became final by the conclusion

25 of direct review or the expiration of time for seeking direct review, although the limitations period is tolled while a properly filed application for state post-conviction or other collateral relief is

26 pending.  28 U.S.C. § 2244(d).

2

1  petitioner fails to so inform that court within thirty days, the court will recommend that this

2  action be dismissed without prejudice.

3

4   DATED:  March 2, 2011

5                                                        _____

6                                                        **CRAIG M. KELLISON**
                                                         UNITED STATES MAGISTRATE JUDGE

7

8

9  kc
   tidw0489.103

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26