IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN M. TIDWELL, SR.,

    Petitioner,                   No. CIV S-11-0489 CKD P

    vs.

M. MARTEL, Warden,

    Respondent.                 ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks federal habeas relief concerning his 2006 trial and conviction for kidnapping to commit rape or robbery, forcible rape, and related offenses, resulting in a sentence of 151 years to life. (Dkt. No. 1 at 1.) On March 3, 2011, the magistrate judge previously assigned to this action found that petitioner had failed to exhaust state court remedies with respect to Claim 3, alleging that petitioner was denied due process of law and his Sixth Amendment right to confront the witnesses against him. The magistrate judge gave petitioner leave to file either an amended petition with all unexhausted claims omitted, or a motion pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) seeking to stay the petition pending state court exhaustion of Claim 3. (Dkt. No. 5.) On March 15, 2011, petitioner filed a motion seeking a <u>Rhines</u> stay of the petition pending exhaustion of Claim 3. (Dkt. No. 7.)

1

I. Merits

The court will first consider whether Claim 3 is potentially meritorious, as required for a Rhines stay. 544 U.S. at 277-278. The petition sets forth Claim 3 as follows:

> Prior to trial petitioner['s] DNA was allegedly found in the crotch areas of the complaining witness['] panties. Petitioner contested the results of the prosecutor's forensic analysts, and expressed concerns for trial counsel to investigate the DNA evidence in a Marsden motion. Trial counsel stipulated for the admission of the DNA evidence over petitioner[']s objection.

(Dkt. No. 1 at 6.) Petitioner asserts that he did not "waive his right to confront the prosecutor's forensic analysts, nor did petitioner agree to trial counsel stipulation of the DNA evidence....This violated petitioner's due process right to present a defense and his right to confrontation and cross examination." (Id., Attachment at 10)

The Confrontation Clause of the Sixth Amendment requires that a criminal defendant be afforded the right to confront and cross-examine witnesses against him. See Pointer v. Texas, 380 U.S. 400, 403 (1965). The Confrontation Clause applies to all out-of-court testimonial statements offered for the truth of the matter asserted, i.e., "testimonial hearsay." See Crawford v. Washington, 541 U.S. 36, 51 (2004). However, the Supreme Court in Crawford singled out business records as an example of non-testimonial hearsay. Id. at 56; see also United States v. Miller, 830 F.2d 1073, 1077 (9th Cir.1987).

In Melendez-Diaz v. Massachusetts, --- U.S. ----, 129 S.Ct. 2527, 2531-32 (2009), the Supreme Court held that "certificates of analysis" stating that a tested substance was cocaine were testimonial and could not be admitted without cross-examination of the document's author. Regarding forensic evidence generally, the Supreme Court observed that "an analyst's lack of proper training or deficiency in judgment may be disclosed in cross-examination," and that, while there might be "other ways – and in some cases better ways – to challenge or verify the results of a forensic test[,] . . . the Constitution guarantees one way: confrontation." Id. at 2356-2357. The Court further held that the forensic reports at issue were not "business records" under

Crawford, as they were "calculated for use essentially in the court, not in . . . business." Id. at 2538.  Because Melendez-Diaz may be reasonably interpreted to apply to the DNA evidence at issue here, the court concludes that petitioner's Confrontation Clause claim is at least potentially meritorious.

As to the due process aspect of this claim, the question on federal habeas review is "whether the admission of the evidence so fatally infected the proceedings as to render them fundamentally unfair." Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).  For purposes of ruling on petitioner's Rhines motion, the court concludes that petitioner's due process allegations as to the stipulated admission of DNA evidence without petitioner's consent have sufficient potential merit to go forward.

II.  Good Cause

The next question is whether petitioner has shown good cause for his earlier failure to exhaust state remedies.  544 U.S. at 278-279.

Petitioner asserts that he did not learn of the Supreme Court's decision in Melendez-Diaz, supra, until August 2010, when he received an issue of Cell Door Magazine in which an article discussed the Court's recent holding concerning the Confrontation Clause and forensic evidence.  (Dkt. No. 7.)  At the time, petitioner was serving a seven-month stint in Administrative Segregation, which lasted between May 24, 2010 and December 28, 2010.  (Dkt. No. 7 at 3.)  Petitioner states that he was limited to two hours of law library use per week while in Administrative Segregation, and was not given direct access to the material but had to put in written requests "to check references, which prolonged my research."  (Id. at 8.)  Petitioner further asserts that his placement in Administrative Segregation worsened his ongoing problems with depression, such that "[a]lthough petitioner continued to utilize the law library, I couldn't comprehend what I was reading." (Id.)  Between his limited law library access and depression, petitioner claims, he "could not effectively represent himself" during this period.  (Id. at 9.)  On December 28, 2010, petitioner was transferred to Mule Creek State Prison and was unable to

1  access his property until February 3, 2011.  (Id. at 9.)  He filed the instant federal habeas petition
2  on February 18, 2011, including the unexhausted Claim 3. (Id.)

3  Rhines does not go into detail as to what constitutes good cause for failure to
4  exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less
5  stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62
6  (9th Cir. 2005).  Several district courts have concluded that the standard is more generous than
7  the showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408
8  F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand).  This
9  view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 416-417 (2005) where the Supreme
10 Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal
11 petition would generally constitute good cause for his failure to exhaust state remedies before
12 filing his federal petition.

13 This court finds, in this instance and based on the circumstances described, that
14 petitioner has shown sufficient cause to meet the "good cause" standard under Rhines.
15 Moreover, it does not appear that petitioner engaged in intentionally dilatory litigation tactics.
16 See 544 U.S. at 277-278.

17 Accordingly, IT IS HEREBY ORDERED THAT:

18 1. Petitioner's motion for a stay under Rhines, supra, filed on March 15, 2010, is
19 granted, pending exhaustion of Claim 3; and

20 2. Petitioner is directed to inform this court and file a request to lift the stay within
21 thirty days of a decision by the California Supreme Court concluding state court habeas review.
22 Failure to timely inform the court will result in dismissal of the federal claim; and

23 \\\\
24 \\\\
25 \\\\
26 \\\\

4

3. The Clerk shall administratively close this case for purposes of case status pending exhaustion.

Dated: October 24, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
tidw0489.stay