IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN M. TIDWELL, SR., | | |
| Petitioner, | No. 2:11-cv-0489 KJM CKD P | |
| vs. | | |
| M. MARTEL[1], et al., | ORDER AND | |
| Respondent. | FINDINGS & RECOMMENDATIONS | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the amended petition filed June 22, 2012. (Dkt. No. 11.) Petitioner challenges his 2006 conviction for kidnapping to commit rape and/or robbery, penetration with a foreign object, sexual battery by restraint, and two counts of forcible rape, for which he was sentenced to a state prison term of 151 years to life. (Dkt. No. 11 at 1; Lod. Doc. 1.[2]) Before the court is respondent's August 24, 2012

---

[1] As petitioner is currently incarcerated at Mule Creek State Prison, the court will substitute Warden William Knipp as respondent in this matter. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. § 2254).

[2] Lodged documents refer to those documents lodged by respondent on August 24, 2012. (Dkt. No. 19.)

1

motion to dismiss the petition as untimely filed (Dkt. No. 18), which petitioner opposes (Dkt. No. 23). The court will also address petitioner's September 28, 2012 motion for an evidentiary hearing on the merits of the amended petition. (Dkt. No. 22.)

For the reasons discussed below, the undersigned will recommend that respondent's motion to dismiss be granted.

## BACKGROUND

On July 26, 2006, petitioner was convicted by a jury of the offenses set forth above. A number of sentencing enhancements were found true. On November 3, 2006, petitioner was sentenced to an indeterminate state prison term of 151 years to life. (Lod. Doc. 1.)

Petitioner appealed the judgment to the California Court of Appeal, Third Appellate District. On June 17, 2008, the court of appeal struck three enhancements and affirmed the judgment as modified. (Lod. Doc. 1.) The California Supreme Court denied review on October 1, 2008. (Lod. Docs. 3-4.)

Petitioner filed eight pro se post-conviction collateral challenges to his conviction in the state courts, all petitions for writs of habeas corpus[3]:

First Action

April 20, 2009: Petition filed in the Sacramento County Superior Court (Lod. Doc. 5);

July 6, 2009: Petition denied (Lod. Doc. 6).

Second Action

September 22, 2009: Petition filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 7);

---

[3] The filing dates reflect the application of the mailbox rule, under which "a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003).

October 1, 2009:  Petition denied (Lod. Doc. 8).

Third Action

November 5, 2009:  Petition filed in the California Supreme Court (Lod. Doc. 9);

June 9, 2010: Petition denied (Lod. Doc. 10).

Fourth Action

March 23, 2011:  Petition filed in the Sacramento County Superior Court (Lod. Doc. 11);

April 20, 2011: Petition denied (Lod. Doc. 12).

Fifth Action

April 27, 2011:  Petition filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 13);

May 12, 2011:  Petition denied (Lod. Doc. 14).

Sixth Action

November 20, 2011:  Petition filed in the Sacramento County Superior Court (Lod. Doc. 15);

December 23, 2011: Petition denied (Lod. Doc. 16).

Seventh Action

January 25, 2012:  Petition filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 17);

February 2, 2012:  Petition denied (Lod. Doc. 18).

Eighth Action

February 7, 2012:  Petition filed in the California Supreme Court (Lod. Doc. 19); and

May 23, 2012: Petition denied (Lod. Doc. 20).

\\\\\

Petitioner initiated this federal action on February 18, 2011 and filed the operative amended petition on June 22, 2012.  (Dkt. Nos. 1, 11.)

STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Where an inmate challenges a prison disciplinary adjudication, subdivision (D) of § 2244(d)(1) provides the applicable limitations period.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir.2004).  The statute of limitations begins to run the day after the inmate's final administrative appeal is denied.  Id.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely. The United States Supreme Court has now rejected this approach and requires the lower federal courts to determine whether a state habeas petition was filed within what California would consider a reasonable period of time. Chavis, 546 U.S. 189. When a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)); see also Carey, 536 U.S. at 226. However, in the absence of a clear indication that petitioner's state habeas petitions were denied as untimely, this court is now charged with the duty of independently determining whether petitioner filed his state habeas petitions within what California would consider a reasonable time. Chavis, 546 U.S. at 198.

## ANALYSIS

I. Commencement of the Running of the Limitations Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute

commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Here, petitioner appealed his judgment of conviction. The California Supreme Court denied review on October 1, 2008. (Lod. Doc. 4.) The time to seek direct review ended on December 30, 2008, when the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. Supreme Court Rule 13. The one-year limitations period began to run the following day, December 31, 2008. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a).) Thus, the last day to file a petition was on December 30, 2009, plus any time for tolling. The original petition in this action was filed February 18, 2011. (Dkt. No. 1.) Thus absent tolling, the petition is untimely.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

State time limits are conditions to filing which render a petition not properly filed. Pace, supra, 544 U.S. at 417. When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id.

Here, petitioner filed eight post-conviction collateral challenges between April 2009 and May 2012, as described above. Between the finality of direct review on December 30,

2008 and the filing of the first state petition on April 20, 2009, 110 days passed.  Under AEDPA, the limitations period is not tolled between the finality of direct review and the filing of an application for post-conviction review since no state court application is "pending."  28 U.S. C. § 2244(d)(2); see, e.g., Lawrence v. Florida, 549 U.S. 327, 330 (2007).  Thus, 110 days of the limitations period expired before petitioner filed his first state petition.

Petitioner's first state petition was filed on April 20, 2009 and denied on July 6, 2009.  (Lod. Docs. 5-6.)  Respondent concedes that the limitations period was tolled for 78 days while this petition was pending, extending the deadline for filing a federal petition to March 18, 2010.

Between the denial of the first state petition on July 6, 2009 and the filing of the second state petition on September 22, 2009, 77 days passed.[4]  Respondent argues that interval tolling is not available for this period because a 77-day delay is unreasonable for tolling purposes.

The Ninth Circuit has held that delays of 81 and 91 days by California prisoners in seeking state habeas relief from the next highest state court is unreasonable for purposes of statutory tolling of the AEDPA statute of limitations.  Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); see also Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (delays of 101 and 115 days unreasonable).  In Velasquez, the Ninth Circuit determined what constituted a "reasonable" delay in filing an application for review in California by looking to the "short period[s] of time, 30 to 60 days, that most states provide for filing an appeal[,]" as "California's system is materially similar to the systems of other states with concrete deadlines."  Id. at 967, citing Evans v. Chavis, 546 U.S. 189, 222-223 (2006).  Here, petitioner's 77-day delay is substantially greater than the 30 to 60 day delay contemplated by the Ninth Circuit and closer to the 81-day delay deemed unreasonable in Velasquez.  See Sok v. Substance Abuse Training

---

[4] Petitioner argues that the gap was actually 70 days, because his motion to transfer the first state petition to another judge was denied on July 13, 2009, seven days after the petition was denied.  (Dkt. No. 23 at 3.)  However, the relevant date for calculating gap tolling is the denial of the petition.

Facility, 2011 WL 3648474, *5 (Aug. 17, 2011) (collecting cases and noting that "a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay 'substantially' longer than sixty days is not reasonable."). Thus the undersigned concludes that the statute of limitations was not tolled pursuant to § 2244(d)(2) during this period.

Petitioner's second petition in the California Court of Appeal was denied on October 1, 2009. Approximately one month later, on November 5, 2009, petitioner filed his third petition in the California Supreme Court, which was pending until June 9, 2010. Respondent concedes that the total period between September 22, 2009 and June 9, 2010 is subject to statutory tolling, such that the March 18, 2010 limitations period was extended 261 days to December 4, 2010.

Petitioner's fourth state habeas petition was filed in the Sacramento Superior Court on March 23, 2011. Because the petition commenced a new "round" of habeas review in the state courts, the interval between June 9, 2010 and March 23, 2011 is not subject to statutory tolling. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). Moreover, under Ninth Circuit precedent as set forth above, petitioner is not entitled to statutory tolling for a gap of this length. See Chaffer, supra, 592 F.3d at 1041.

Additionally, petitioner's fourth through eighth state habeas petitions were filed after December 4, 2010, when the limitations period ended. The tolling provision of section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under section 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner's fourth through eighth state habeas petitions, all of which were filed after the AEDPA deadline, cannot toll the running of the already-run statute.

Because the instant action was commenced on February 18, 2011, more than two months after the December 4, 2010 deadline, the petition is untimely absent equitable tolling.

III. Equitable Tolling

In his opposition to the motion to dismiss, petitioner argues that the limitations period should be equitably tolled. A habeas petitioner bears the burden of demonstrating that he or she is entitled to equitable tolling. Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012), citing Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006). As the Ninth Circuit has stated,

> A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'
>
> The general rule is that equitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing. Under our cases, equitable tolling is available for this reason only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness.

Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012) (internal quotation marks and citations omitted).

Petitioner argues that several extraordinary circumstances prevented him from filing the instant action prior to February 18, 2011.

A. Administrative Segregation

Plaintiff was placed in Administrative Segregation between May 24, 2010 and December 29, 2010. (See Dkt. No. 23 at 19.) During this period, plaintiff's law library access was limited to two hours per week. In addition to working on his federal habeas action, plaintiff used his allotted library time to challenge his placement in Administrative Segregation and also to challenge a prison transfer. (Dkt. No. 23 at 6.) He argues that this period should be equitably tolled. (Id. at 9.)

\\\\\

Being in administrative segregation alone is not grounds for equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (three-month stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because "[o]rdinary prison limitations on [one's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualifies as grounds for equitable tolling). As in Ramirez, the fact that petitioner worked on other legal matters during his time in Administrative Segregation supports the conclusion that it was possible for him to work on his federal habeas action during this time. See 571 F.3d at 998. Thus petitioner is not entitled to equitable tolling on this basis.

B. Depression

Petitioner asserts that while in Administrative Segregation between May 24, 2010 and December 29, 2010, he was severely depressed over a prospective prison transfer. Petitioner states that his "depression got to the point [he] could no longer comprehend nor retain what he was reading." Petitioner seeks an evidentiary hearing on whether his depression during this period entitles him to equitable tolling. (Dkt. No. 23 at 6-7.)

Mental illness can, in certain circumstances, rise to the level of an "extraordinary circumstance" beyond a petitioner's control that warrants equitable tolling. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). However, the circumstances must be exceptional. See Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168–70, 173 (S.D.N.Y. 2000); also U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of petitioner's mental condition only in cases of profound mental incapacity"). In addition, petitioner must show that the alleged mental incompetence "in fact" caused him to fail to file a timely habeas petition. Laws, 351 F.3d at 923.

\\\\\

In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit considered when a petitioner's mental condition may constitute an extraordinary circumstance justifying equitable tolling of the untimely filing of a habeas petition. In Bills, the Ninth Circuit set forth a two-part test to determine a petitioner's eligibility for equitable tolling due to mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, see [Holland v. Florida, 560 U.S. ——, 130 S.Ct. 2549, 2562 (2010)], by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. See id.

Bills, 628 F.3d at 1099-1100.

Here, petitioner suggests that for a seven-month period in 2010, he was so depressed that he was unable to prepare a habeas petition and effectuate its filing under the first prong of the Bills test. However, petitioner also states that while in Administrative Segregation during this period, he used his weekly library access to "read and cross reference case law" and filed inmate grievances challenging his placement in Administrative Segregation and his prospective transfer. (Dkt. No. 23 at 6.) Records attached to petitioner's opposition indicate that on June 3, 2010 and again on July 15, 2010, petitioner told mental health staff that he was "in good health, physically and mentally, and he declined the offer for medical and/or psychological care." (Id. at 20-21.) These records also state that while he was in Administrative Segregation, petitioner's mental status was monitored "on a five day per week basis by the psychiatric technician and he is also seen weekly by the Clinical Case Manager." (Id.) There is no mention of petitioner's alleged mental illness or severe depression. In a medical grievance submitted

August 23, 2010 challenging his transfer to Mule Creek State Prison, petitioner expresses himself coherently and clearly.  (Id. at 22.)  He is equally articulate in a December 7, 2010 grievance challenging his placement in Administrative Segregation.  (Id. at 26.)  In sum, these records do not support a finding that petitioner's mental illness was so severe as to meet the first prong of Bills.

Under the second prong of Bills, petitioner does not allege facts showing that he was reasonably diligent during this period.  Rather, the record shows that he had limited access to legal materials and worked on issues related to his confinement in addition to his federal petition.

More generally, petitioner has alleged no facts demonstrating a causal connection between his alleged mental illness and his inability to file a timely petition.  "Without any allegation or evidence of how petitioner's symptoms actually caused him not to be able to file despite his diligence, the court cannot find that he is entitled to equitable tolling."  Henderson v. Allison, 2012 WL 3292010, *9 (E.D. Cal. Aug. 13, 2012), citing Taylor v. Knowles, 2009 WL 68815, *6 (E.D. Cal. March 13, 2009).

Petitioner requests an evidentiary hearing to develop the record on whether he is entitled to equitable tolling for mental illness.  A petitioner who "makes a good-faith allegation that would, if true, entitle him to equitable tolling" may be entitled to an evidentiary hearing. Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws, 351 F.3d at 919).  However, a district court is not obligated to hold an evidentiary hearing to further develop the factual record, even when a petitioner alleges mental incompetence, when the record is sufficiently developed, and it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition.  Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

Here, petitioner has not alleged facts sufficient to suggest that he may be entitled to equitable tolling under Bills.  Thus the court will deny petitioner's request for an evidentiary hearing on equitable tolling for mental illness.

\\\\\

C. <u>Transfer</u>

Petitioner asserts that, on December 29, 2010, he was transferred to Mule Creek State Prison and placed on orientation status until January 5, 2011. However, he did not receive his legal property until February 3, 2011. In total, petitioner did not have access to his legal documents between December 29, 2010 and February 3, 2011. (Dkt. No. 23 at 8, 14.) He filed the original petition in this action on February 18, 2011. Assuming <u>arguendo</u> that this 36-day period was equitably tolled, the deadline to file a federal habeas action would have been January 9, 2011. As the original petition in this action was filed more than one month later, this action would still be time-barred.

Accordingly, the undersigned will recommend that respondent's motion to dismiss the petition as untimely be granted. Petitioner's motion for an evidentiary hearing on the merits of this action will be denied as premature, as the merits have not yet been briefed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court substitute William Knipp as respondent in this matter; and

2. Petitioner's September 28, 2010 motion for evidentiary hearing (Dkt. No. 22) is denied as premature.

IT IS HEREBY RECOMMENDED that respondent's August 24, 2012 motion to dismiss this action as time-barred (Dkt. No. 18) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 6, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
tidw0489.mtd