1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JUAN M. TIDWELL, SR.,                    No.  2:11-cv-0489 KJM CKD P

11                  Petitioner,

12        v.                                  ORDER

13   WILLIAM KNIPP, et al.,

14                  Respondents.

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  This action proceeds on the amended petition filed June 22, 2012.

18   (ECF No. 11 ("Ptn.").)  Petitioner challenges his 2006 conviction for kidnapping to commit rape

19   and/or robbery, penetration with a foreign object, sexual battery by restraint, and two counts of

20   forcible rape, for which he was sentenced to a state prison term of 151 years to life.  (Id. at 1.)

21          Before the court is petitioner's motion for discovery pursuant to Rule 6(a) of the Federal

22   Rules Governing Section 2254 Cases, U.S.C. foll. § 2254.  (ECF No. 37 ("Mtn.").)  Respondent

23   has filed an opposition (ECF No. 41), and petitioner has filed a reply (ECF No. 42).  For the

24   reasons set forth below, the court will deny petitioner's motion.

25   I. Petitioner's Motion

26          The petition asserts five grounds for federal habeas relief.  (Ptn. at 4-6.)  Petitioner raised

27   Grounds One and Two on direct review and Grounds Three through Five on state collateral

28   review.  (See ECF No. 31 at 12.)  All five grounds were considered and denied on the merits in

                                           1

1   state court.[1]  (See Lod. Docs. 2, 6, 12.)

2          In his pending motion, petitioner seeks thirteen separate items of "material and

3   exculpatory" evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  He asserts that this

4   "existing . . . favorable [evidence] . . . has not been provided," violating his federal right to due

5   process.  (ECF No. 37.)  The evidence petitioner seeks consists of (1) trial testimony concerning

6   petitioner's 1998 conviction for sexual assault; (2) "any reports" documenting contamination of

7   the victim's undergarments; (3) a copy of certain shorthand notes made by the court reporter; (4)

8   "any evidence" that the victim testified in exchange for "monetary or legal benefits"; (5) evidence

9   of "specific instances of misconduct bearing on the credibility" of the Sacramento Police

10  Department; (6)-(12) "any statements" or "any reports" bearing on certain factual issues in the

11  case; and (13) "any other relevant and material exculpatory evidence."  (Id. at 3-4.)  Petitioner

12  asserts that he has diligently sought the requested evidence and the government has so far failed

13  to provide it, warranting a discovery order.  (Id. at 5.)

14         Respondent asserts that, under Cullen v. Pinholster, 131 S. Ct. 1388 (2011) and

15  subsequent cases interpreting it, 28 U.S.C. § 2254(d) bars the introduction of new evidence on

16  federal habeas review; thus, petitioner's motion should be denied.  (ECF No. 41.)

17         II.  Analysis

18          The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies to the

19  instant petition, mandates that a federal court may not grant a writ of habeas corpus based on any

20  claim that was adjudicated on the merits by a state court unless the state court decision "(1)

21  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

22  established Federal law, as determined by the Supreme Court of the United States; or (2) resulted

23  in a decision that was based on an unreasonable determination of the facts in light of the evidence

24  presented in the State court proceeding."  28 U.S.C. § 2254(d).

25  /////

26  _____

[1] Claim 3 was denied on procedural grounds and, alternatively, on the merits.  (Lod. Doc. 12.)
27  See Stephens v. Branker, 570 F.3d 198, 208 (4th Cir. 2009) ("[W]e agree with our sister circuits
    that an alternative merits determination to a procedural bar ruling is entitled to AEDPA
28  deference.").

1    A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

2    discovery as a matter of ordinary course.  See Bracy v. Gramley, 520 U.S. 899, 904 (1997).

3    However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254,

4    provides that a "judge may, for good cause, authorize a party to conduct discovery under the

5    Federal Rules of Civil Procedure and limit the extent of discovery."  Habeas petitioners may

6    conduct discovery only when specific allegations show reason to "believe that the petitioner may,

7    if the facts are fully developed, be able to demonstrate that he is . . .  entitled to relief."  Bracy,

8    520 U.S. at 908–09; Smith v. Mahoney, 611 F.3d 978, 996 (9th Cir. 2010).

9    In Pinholster, 131 S. Ct. at 1398, the Supreme Court held that federal habeas review under

10   § 2254(d)(1) and § 2254(d)(2) is limited to the record that was before the state court that

11   adjudicated the claim on the merits.  See Coddington v. Martel, 2013 WL 5486801 at *4 (E.D.

12   Cal. Sept. 30, 2013) (citing cases).  Once a state court has decided the claim on the merits,

13   "evidence later introduced in federal court is irrelevant."  Id. at 1400; see also Ryan v. Gonzales,

14   133 S. Ct. 696, 708 (2013) (as review of claims subject to § 2254(d) is "limited to the record that

15   was before the state court that adjudicated the claim on the merits[,] . . . any evidence that a

16   petitioner might have would be inadmissible."), citing Pinholster, 131 S. Ct. at 1398;

17   Runningeagle v. Ryan, 686 F. 3d 758, 773 (9th Cir. 2012) (capital habeas petitioner was "not

18   entitled to a an evidentiary hearing or additional discovery in federal court" because AEDPA

19   review was limited to the record before the state court that adjudicated petitioner's claims on the

20   merits); Wood v. Ryan, 693 F.3d 1104, 1122 (9th Cir. 2012) (petitioner "not entitled to an

21   evidentiary hearing or additional discovery in federal court" because his claim was adjudicated on

22   the merits under § 2254(d)).

23   Because any additional discovery materials would not be reviewable, as set forth above,

24   petitioner cannot show good cause for his request under Rule 6(a).  See Smith v. Chappell, 2014

25   WL 465290 at *3 (N.D. Cal. Feb. 3, 2014).  Nor has petitioner demonstrated that the strength of

26   the requested new evidence warrants a stay of federal proceedings to allow petitioner to return to

27   state court, insofar as this procedure may be available in some cases.  See Gonzalez v. Wong, 667

28   F.3d 965, 979-980 (9th Cir. 2011).

1    Accordingly, IT IS HEREBY ORDERED THAT petitioner's motion to compel discovery

2    (ECF No. 37) is denied.

3    Dated:  August 1, 2014

4    _____
     CAROLYN K. DELANEY

5    UNITED STATES MAGISTRATE JUDGE

6

7

8

9    2 / tidw0489.mtc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28