IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. TIDWELL, SR., <br><br>          Petitioner, <br><br> vs. <br><br> MARION SPEARMAN, Warden, <br> Correctional Training Facility, <br><br>          Respondent. | No. 2:11-cv-00489-JKS <br><br> ORDER <br> [Re: Motions at Docket Nos. 51 & 56] |

This Court denied Juan M. Tidwell, Sr., a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability ("COA") on January 7, 2015. Docket Nos. 49, 50. At Docket No. 51, Tidwell filed a "Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60 and Notice of Appeal," dated January 17, 2015 ("Motion").

I. LEGAL STANDARDS

A.   Jurisdiction

As a general rule, the filing of a notice of appeal transfers to the appellate court jurisdiction over the matters appealed, and the district court is divested of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Federal Rule of Appellate Procedure 4 provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [including motions filed under Rules 59 and 60]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i).

Appellate Rule 4(a)(4)(B)(I), however, does not specify how it operates when a motion for reconsideration is filed concurrently with a notice of appeal. The Transmittal Note to the 1993 Amendment to Appellate Rule 4(a)(4) states that a "notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before the disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Although the Ninth Circuit has not addressed this issue, "recent case law suggests that it would embrace the Advisory Committee's interpretation of Appellate Rule 4(a)(4)." *Yousefian v. City of Glendale*, No. CV 11-03579, 2013 WL 948743, at *1 (C.D. Cal. Mar.11, 2013) (citing *Crawford v. Kingdom of Saudi Arabia*, No. CV 11-05206, 2012 WL 3638628, at *3 (N.D. Cal. Aug. 22, 2012) (noting that Ninth Circuit held appeal in abeyance pending district court resolution of a post-judgment motion filed after notice of appeal but within Rule 4(a)(4)'s 28-day time period)).

The Court concludes that it has jurisdiction to consider Tidwell's Motion because his concurrently-filed notice of appeal is "in effect, suspended." *See also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motions prevented the [plaintiffs'] notices of appeal from becoming effective until the district court rules on the merits of those motions.").

B.   Reconsideration under Rule 59

Tidwell's Motion is styled as a motion under Rule 60. That rule provides:

GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60.

At Docket No. 56, however, Tidwell requests that his Motion be construed under Rule 59(e) rather than Rule 60. Because the Motion was filed within twenty-eight days of entry of judgment, it may be treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [twenty-eight] days of entry of judgment." (citation and internal quotation marks omitted)); FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) the motion is necessary to present newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted). Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that

3

could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 2810.1, 127-28 (2d ed. 1995)).

## II. DISCUSSION

Claim 1: Confrontation Violation—Witness's Prior Allegedly False Accusations

Tidwell first states that "[t]he immediate issue [with this Court's rejection of his claim] is that the appellate court[']s determination has not been recorded accurately." Motion at 3. As noted above, a Rule 59(e) motion may be granted to correct "manifest errors of law or fact upon which the judgment rests." *Herron,* 634 F.3d at 1111. The Court has, as Tidwell has requested, referred to the Court of Appeal's decision rejecting this claim. A review of that decision confirms that the memorandum decision issued by this Court accurately quotes the Court of Appeal's rejection of that claim.

Tidwell also argues in the instant Motion that the state court erred under California Evidence Code § 782 by requiring the defense to produce suspects which were falsely accused. Motion at 4. But such claim raises only an issue of state law for which federal habeas relief is not available. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).

Tidwell nonetheless argues that the state court's ruling was contrary to federal law and cites two cases in support. In *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973), the United

States Supreme Court recognized that the exclusion of critical evidence may violate the Constitution. However, "*Chambers* . . . does not stand for the proposition that the defendant is denied a fair opportunity to defense himself whenever a state . . . rule excludes favorable evidence." *United States v. Scheffer*, 523 U.S. 303, 316 (1998). "While the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. So. Carolina*, 547 U.S. 319, 320 (2006) (citations omitted); *see also Moses v. Payne*, 555 F.3d 742, 758 (9th Cir. 2009). Thus, "the Constitution permits judges to exclude evidence that is repetitive . . . , only marginally relevant or poses an undue risk of harassment, prejudice or confusion of the issues." *Holmes*, 547 U.S. at 326-27 (citations, internal brackets and quotation marks omitted). As this Court stated in its memorandum decision, it was not unreasonable for the Court of Appeal to conclude that the probative value of Tidwell's proposed evidence was substantially outweighed by the probability that it would occasion undue consumption of time and create a substantial danger of confusing the issues and of misleading the jury. Docket No. 49 at 14-15. The Supreme Court's decision in *Chambers* does not compel a contrary conclusion.

Nor does the Ninth Circuit's decision in *Jackson v. Nevada*, 688 F.3d 1081 (9th Cir. 2012), the other case Tidwell cites in support. As an initial matter, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' It therefore cannot form the basis for habeas relief under AEDPA." *See Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (citation omitted)). And in any event, *Jackson* is not helpful to Tidwell's

5

case. In *Jackson*, the Ninth Circuit held that the state court's decision to preclude a petitioner from presenting testimony from police witnesses to support his defense that the victim had previously made false claims against him was an unreasonable application of clearly established Federal law. *Jackson*, 688 F.3d at 1104. On writ of certiorari, the Supreme Court reversed, holding that the Nevada Supreme Court reasonably applied federal law when it determined that the petitioner was not denied a right to present a complete defense when he was barred from presenting extrinsic evidence of the victim's prior accusations of sexual assault. The Ninth Circuit's decision is thus no longer good law. Accordingly, Tidwell fails to establish that the Court's rejection of his confrontation claim should be altered.

Claim 2: Use of Juvenile Adjudications as Strikes

In support of his contention that this Court erred in rejecting his claim regarding juvenile priors, Tidwell states that he "just learned that according to Penal Code § 17, when a person is discharged from the California Youth Authority, certain felonies are reduced to misdemeanors." Motion at 5. But again, this fact is not grounds for relief here because it involves only an issue regarding the proper application of state law, for which federal habeas relief is unavailable. *Swarthout*, 131 S.Ct. at 863; *Estelle*, 502 U.S. at 67-68.

Claims 3, 4, 5: Ineffective Assistance of Counsel

Tidwell first takes issue with the Court's rejection of his third claim (counsel was ineffective for stipulating to DNA evidence without his consent) on procedural grounds. This Court concluded that Tidwell's claim was procedurally barred from federal review because the state court rejected the claim on timeliness grounds, which the Ninth Circuit has recognized as an independent and adequate state law ground precluding federal habeas review. Docket No. 49

at 23.  Tidwell argues that the Court should not enact the procedural bar, however, because the state court did not address whether Tidwell had cause for delay.  Motion at 7.  But even if the Court were to disregard the procedural bar, it alternatively denied the claims on the merits.  Docket No. 49 at 23-24.  Although Tidwell asserts that his claim is "not meritless," Motion at 7, he merely repeats arguments raised in his Petition.  In considering his Petition, this Court examined each of those arguments and rejected them.

The arguments that Tidwell raises in support of his other ineffective assistance claims suffer from the same defect.  Tidwell's arguments before this Court are nothing more than a rehash of the arguments already made and rejected by this Court.  Tidwell has accordingly failed to provide any basis upon which this Court could alter or amend the judgment.  He additionally fails to provide any basis for this Court to reconsider its prior determination not to grant a Certificate of Appealability.

### III. CONCLUSION AND ORDER

Tidwell's motion for reconsideration is timely filed under Rule 59.  FED. R. CIV. P. 59(e).  However, Tidwell sets forth no intervening change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice persuading this court to reconsider its decision.

**IT IS THEREFORE ORDERED THAT** the motion at Docket No. 56 to construe his reconsideration motion as a Rule 59(e) motion is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the motion for reconsideration at Docket No. 51 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain

a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); Ninth Circuit R. 22-1.

      Dated: February 5, 2015.

                                  /s/James K. Singleton, Jr.
                                  JAMES K. SINGLETON, JR.
                                  Senior United States District Judge